IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DOMINIC L. VERSER,**

                                 **Petitioner,**

        v.                                          CASE NO. 25-3081-JWL

**THOMAS L. WILLIAMS[1],**

                                 **Respondent.**

### MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Dominic L. Verser, who is a state prisoner incarcerated at El Dorado Correctional Facility in El Dorado, Kansas.

In July 2011, a jury in Wyandotte County, Kansas convicted Petitioner of first-degree murder and criminal possession of a firearm. (Doc. 1, p. 1-2); *see also State v. Verser*, 299 Kan. 776, 777 (2014) (*Verser I*). In September 2011, the state district court sentenced him to life in prison without the possibility of parole for 25 years for the murder conviction and a consecutive 12 months in prison for the firearm conviction. (Doc. 1, p. 1); *Verser I*, 299 Kan. at 783. Petitioner pursued a direct appeal and, in June 2014, the Kansas Supreme Court (KSC) affirmed his convictions and sentences. (Doc. 1, p. 2); *Verser I*, 299 Kan. at 791. Petitioner advises that he did not file a petition for writ of certiorari in the United States Supreme Court. (Doc. 1, p. 3.)

---

[1] In addition to Warden Thomas L. Williams, Petitioner has named Kris Kobach, the Attorney General for the State of Kansas as a Respondent in this action, but the sole proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, the Court will direct the clerk to terminate Attorney General Kobach from this action.

1

On April 27, 2015, Petitioner filed a motion in state court seeking state habeas corpus relief under K.S.A. 60-1507. (Doc. 1, p. 3.) The state district court denied relief and Petitioner appealed. *Id.* at 8; *see also Verser v. State*, 2024 WL 133472, *1 (Kan. Ct. App. Mar. 29, 2024) (unpublished) (*Verser II*), *rev. denied* March 27, 2025. On March 29, 2024, the Kansas Court of Appeals (KCOA) affirmed the denial, and the KSC denied Petitioner's petition for review on March 27, 2025. *Id*. On April 30, 2025, Petitioner filed a pro se petition for federal writ of habeas corpus under 28 U.S.C. § 2254 in this Court. (Doc. 1.)

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. The Court has begun the required Rule 4 review of the petition in this matter and concludes that a limited Pre-Answer Response (PAR) is appropriate. *See Wood v. Milyard*, 566 U.S. 463, 467 (2012); *Denson v. Abbott*, 554 F. Supp. 2d 1206 (D. Colo. 2008). Accordingly, the Court directs Respondent to file a PAR limited to addressing the affirmative defenses of failure to exhaust, procedural default, and anticipatory procedural default. If Respondent does not intend to raise these affirmative defenses in this matter or with respect to a particular ground asserted by Petitioner in this matter, Respondent shall notify the Court of that decision in writing in the PAR.

The PAR should not address the merits of the asserted grounds for relief. If this case proceeds past the Rule 4 review, Respondent will at that time be ordered to submit a fully developed answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Respondent may, in that answer, argue the merits of the asserted grounds for relief. At this point in time, the Court is focused on determining whether a failure to

exhaust, procedural default, or anticipatory procedural default bars this Court's consideration of the merits of any of the claims asserted in the petition.

Upon the filing of the PAR, Petitioner will be given time in which to submit a written reply to the PAR. and at that time he may provide any information that may be relevant to any defenses identified in the PAR. Once Petitioner files his reply or the time allotted passes, the Court will resume the Rule 4 review of this matter and issue further orders as necessary.

**IT IS THEREFORE ORDERED** that the Clerk is directed to terminate Kris Kobach, Attorney General of the State of Kansas, as a Respondent in this action.

**IT IS FURTHER ORDERED** that Respondent is granted to and including **July 15, 2025** in which to file a Pre-Answer Response that complies with this order.

**IT IS FURTHER ORDERED** that Petitioner is granted to and including **August 15, 2025** in which to file a reply to the Pre-Answer Response if he chooses to do so.

**IT IS SO ORDERED.**

DATED:   This 15th day of May, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
